JUDGE BUCHWALD

12 CIV 6222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>CELESTIAL AIRWAYS LIMITED (f/k/a LEGATUM AVIATION LIMITED)<br><br>Petitioner,<br><br>-and-<br><br>ASSOCIATED AIR CENTER, L.P. and DAE AVIATION HOLDINGS, INC.<br><br>Respondents. | Docket No._____<br><br>[RECEIVED AUG 14 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]<br><br>PETITION TO CONFIRM ARBITRAL AWARD AND FOR ENTRY OF JUDGMENT THEREON |

Petitioner, Celestial Airways Limited (f/k/a Legatum Aviation Limited), for its petition to confirm the arbitral award rendered in the above-captioned arbitration pursuant to 9 U.S.C. §§ 9, 207 and for entry of judgment thereon, states as follows:

## JURISDICTION AND VENUE

1. Petitioner, Celestial Airways Limited ("Celestial"), is organized under the laws of the British Virgin Islands.

2. Respondent Associated Air Center, L.P. ("AAC") is a limited partnership organized under the laws of the State of Texas.

3. Respondent DAE Aviation Holdings, Inc. ("DAE") is a corporation organized under the laws of the State of Delaware

4. This Court has jurisdiction over this matter pursuant to 9 U.S.C. §§ 202, 203. The Maintenance/Modification Agreement and December 11, 2007 Letter Agreement between Celestial and Respondents are commercial agreements between British Virgin Island and American companies. The United States is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 201 *et seq*, and the British

Virgin Islands have implemented the Convention into domestic law, see Revised Laws of the Virgin Islands, vol. 1, cap.6 (1991) (British Virgin Islands Arbitration Ordinance 1976).

5. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and a foreign state, and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is appropriate in this Court as the arbitration agreement designates New York, New York as the situs for the arbitration and any actions to enforce the arbitral award, and New York, New York is the location in which the final award was made. 9 U.S.C. §§ 9, 204.

## FACTUAL BACKGROUND

7. On June 21, 2006, Celestial entered into a Maintenance/Modification Agreement ("MMA") with AAC whereby AAC agreed to perform certain interior installations and modifications to Celestial's Boeing 757-23N aircraft. A true and correct copy of the MMA is attached hereto as Exhibit A to the Declaration of Scott T. Williams. Thereafter, on December 11, 2007, Celestial entered into a Letter Agreement with AAC and DAE (referred to collectively with the MMA as the "Agreement") concerning certain additional agreements between the parties and with respect to the performance of the MMA. A true and correct copy of the December 11, 2007 Letter Agreement is attached hereto as Exhibit B to the Declaration of Scott T. Williams.

8. The Agreement contains an arbitration clause, which provides that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be determined by arbitration administered by the American Arbitration Association (the 'AAA') in accordance with its International Arbitration Rules." Williams Declaration at Ex. A, ¶ 26(b). The Agreement further states that the parties shall submit to the jurisdiction of any federal court sitting in the City and County of New York for purposes of enforcement of an arbitral award and that the parties waive any defenses to the lack of convenience of such proceedings brought in New York federal court for this purpose. See id.

2

9. On July 31, 2009, Celestial demanded arbitration against Respondents in the International Centre for Dispute Resolution ("ICDR") division of the AAA.

10. Pursuant to the Agreement and the ICDR's International Arbitration Rules, a three-person arbitration panel was selected. After extensive discovery and pre-hearing motion practice, including the award of interim relief, a full hearing on the merits with the examination of witnesses and the submission of documentary evidence was held on August 22-26, 2011, August 30-September 2, 2011, March 12-15, 2012, and April 25, 2012 in New York, New York.

11. On July 13, 2012, the arbitration panel rendered its unanimous decision (the "Final Award"). A true and correct copy of the Final Award is attached hereto as Exhibit C to the Declaration of Scott T. Williams.

12. The arbitration panel, as part of the Final Award, certified "for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, that this Final Award was made in New York, N.Y." Williams Declaration at Ex. C, 26.

## COUNT I: TO CONFIRM THE FINAL AWARD AND ENTER JUDGMENT THEREON

13. Celestial incorporates the allegations of paragraphs 1-12 as if fully set forth herein.

14. Celestial petitions this Court pursuant to 9 U.S.C. § 207 of the New York Convention and 9 U.S.C. § 9 of the Federal Arbitration Act to confirm the Final Award and enter judgment thereon against Respondents.

WHEREFORE, Celestial moves this Court, pursuant to 9 U.S.C. §§ 9, 207, for an order confirming the Final Award and directing that final judgment be entered thereon and that Celestial be allowed the costs of this proceeding, and for such other and further relief as the Court may deem appropriate.

Dated: August 14, 2012

Respectfully submitted,

By: /s/ Elizabeth Young

Elizabeth Young
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
(212) 872-1000
FAX: (212) 872-1002

Scott T. Williams
Texas State Bar No. 00791937
Elizabeth D. Scott
Texas State Bar No. 24059699
**AKIN GUMP STRAUSS HAUER & FELD LLP**
700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800
FAX: (214) 969-4343

Patrick E. Bailey
California State Bar No. 86875
**BAILEY & PARTNERS**
2800 28th Street
Suite 200
Santa Monica, California 90405
(310) 392-5000
FAX: (310) 392-8091

**ATTORNEYS FOR PETITIONER CELESTIAL AIRWAYS LIMITED (f/k/a LEGATUM AVIATION LIMITED)**